DLD-003                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2744
_____

BENITA TURNER,
                                        Appellant

v.

KAREN SPALEY; B. SCHIEB

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-12-cv-00445)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2012

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 12, 2012)
_____

OPINION
_____

PER CURIAM

        Benita Turner, proceeding pro se, appeals from an order of the United States

District Court for the Western District of Pennsylvania dismissing her complaint pursuant

to 28 U.S.C § 1915(e)(2)(B).  Because her appeal is lacking an arguable basis in law, we will dismiss it.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion.  In submissions to the District Court, Turner notes that she lost her job as a certified nursing assistant after failing to return a completed confidential agreement to her employer.  Turner alleges that she had been receiving unemployment compensation ("UC") benefits until Spaley, the Human Resources Director at her former place of employment, allegedly entered a reversal decision into the system that took effect on January 6, 2012.  According to Turner, Schieb, the UC representative, then deactivated her UC card so that she could not receive her benefits.  Turner states that because of the termination of her benefits, she has been unable to pay bills, has been jailed for demanding her benefits at her former place of employment, and has had her children placed in the custody of Child Protective Services.

In April 2012, Turner filed this action against Spaley and Schieb.  On April 25, 2012, a Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that Turner's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous and failing to state a claim.  In so recommending, the Magistrate Judge noted that the District Court lacked subject-matter jurisdiction over Turner's complaint.  Turner did not object to the Magistrate Judge's R&R and on May 21, 2012, the District Court entered a Memorandum Order adopting the R&R and dismissing Turner's complaint with prejudice.  Turner then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We look for "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a claim for relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Because Turner is proceeding in forma pauperis, we must dismiss her appeal under 28 U.S.C. § 1915(e)(2)(B) if it "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court properly dismissed Turner's complaint[1], and we concur with the District Court's conclusion that her complaint failed to establish subject matter

---

[1] The District Court did not provide Turner leave to amend her complaint because it was "clear from the face of the complaint that the deficiencies cannot be cured by amendment." (Turner v. Spaley, W.D. Pa. Civ. No. 2:12-cv-00445, Docket # 6 at 6 n.4.); see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that courts should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile"). We conclude that the District Court did not err in declining to allow Turner an opportunity to amend her complaint because, as discussed below, Turner's underlying claims lack merit.

3

jurisdiction.  For a federal court to exercise diversity jurisdiction over an action, the parties must be citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a)(1).  Citizenship of a natural person is determined by the state of his or her domicile.  See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).  Here, Turner's complaint explicitly states that she, Spaley, and Schieb are all citizens of Pennsylvania.  Therefore, we concur with the District Court's observation that Turner's complaint does not establish diversity jurisdiction.[2]

Federal courts also have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; however, "federal courts have federal question jurisdiction only when a federal claim appears in the complaint," Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir. 2005) (citation omitted).  Here, Turner failed to identify any federal statute or constitutional right that was allegedly violated by Spaley and Schieb.  Even if we construe Turner's complaint as raising a civil rights claim pursuant to 42 U.S.C. § 1983, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that courts must hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers"), it still fails to establish federal question jurisdiction.  To establish a claim under § 1983, a

---

[2] Although Turner's complaint fails to satisfy the diversity of citizenship requirement, we also note that her claim probably also fails to meet the amount in controversy requirement.  An exhibit attached to the complaint notes that the total amount payable to Turner in UC benefits equaled $9,100.00.  (See Turner v. Spaley, W.D. Pa. Civ. No. 2:12-cv-00445, Docket # 3-5.)  Although Turner's complaint does not contain an exact

4

plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). The District Court correctly determined that Spaley, a private party, is not a state actor and thus not subject to suit under § 1983. Furthermore, while the District Court did not expressly analyze Turner's claim against Schieb, it properly noted that the complaint does not contain any allegations suggesting that Schieb violated a constitutional right or federal statute as required by § 1983. See id.; Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). Therefore, we concur with the District Court's determination that Turner's complaint does not establish federal question jurisdiction.

For the foregoing reasons, we hold that Turner's appeal lacks an arguable basis in law, and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

amount to which she claims she is entitled, her complaint fails to meet the requirement, as the $9,100.00 appears to be a cap on the amount of UC benefits Turner could receive.